JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
LAURA A. COX (State Bar No. 296147)
McNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
1211 Newell Avenue
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
CITY OF ANTIOCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GONZALES, THE ESTATE OF DENNY GONZALES, MICHELLE MAYERS, as Guardian Ad Litem for SAKARIE DENNI-NISHELE GONZALES,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ANTIOCH; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C14-04728 KAW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: January 20, 2015<br>Time: 1:30 p.m.<br>Dept: Ctrm. 4, 3rd Floor (Oakland Branch)<br>Judge: Hon. Kandis A. Westmore |

The parties in this matter hereby provide the following Joint Case Management Conference Statement.

**1. Jurisdiction and Service:**

There are no issues regarding personal jurisdiction or venue. Defendant may raise a standing issue with regard to minor SAKARIE DENNI-NISHELE GONZALES in terms of paternity issues, but that issue is still being evaluated.

**2. Facts:**

Plaintiffs' Version of Events:

On June 28, 2012, Plaintiff Decedent Denny Gonzales was shot and killed by members of the Antioch Police Department while running away from them. Gonzales had walked out onto his

driveway and was looking around when suddenly, he was fired upon by at least one Antioch police officer. Gonzales, startled and fearful for his life, ran back into his garage. During his retreat, additional Antioch police officers fired their weapons at him, hitting him in the back. Antioch police officers never announced their presence to Gonzales until shots had been fired. In all, over 60 shots were fired in Gonzales' direction. Though Gonzales was carrying a gun in his right hand, the weapon was never pointed or discharged, and the safety to his weapon was found to be on. The incident was captured on video by a police helicopter.

Defendants' Version of Events:

Tragically, on June 28, 2012, members of the Antioch Police Department ("APD") lawfully shot and killed Decedent Denny Gonzales ("Decedent") outside of his residence at 4849 Lefebvre Way, in Antioch, CA. On that date, Decedent had confided in APD Det. McManus, an acquaintance of his, via several telephone calls, that that Decedent either was going to kill a police officer, had already killed a police officer, had been involved in violence and/or was to be involved in violence and mentioned that law enforcement may be involved. There was knowledge that Decedent had possession of a gun or guns and may have been loading a weapon while on the telephone with Det. McManus.

The conversations between Det. McManus and Decedent continued until Decedent stopped communicating with officers. By that time, officers from the APD were present in or around the area of Decedent's residence to investigate the situation, to try to resolve the situation and to get into position to protect the nearby public. At some point, Decedent came out of his garage with a gun in his right hand as officers were nearby Decedent's residence. Officers used command presence and verbal commands to Decedent try to de-escalate and resolve this situation peacefully. However, instead of dropping his weapon and/or responding appropriately to commands of officers, Decedent instead started to flee back towards his garage and at the same time pointed his weapon at officers. As Decedent posed an imminent and deadly threat towards officers and the public at that point, even discharging his firearm at one point, deadly force became necessary. Decedent was shot several times and died as a result of his injuries. Decedent's handgun was found lying near him on the ground inside of his garage.

3. **Legal Issues:** The following are the key legal issues in this matter:

   a) Whether or not Plaintiff SAKARIE DENNI-NISHELE GONZALES has standing to bring this suit and can prove paternity related to Decedent.

   b) Whether or not the deadly force used by officers towards Decedent was objectively reasonable per the Fourth Amendment and/or California law?

   c) Whether or not the deadly force used by officers towards Decedent was as a violation of Plaintiffs' Fourteenth Amendment rights?

   d) Whether or not the involved officers are entitled to qualified immunity under *Saucier v. Katz*, and its progeny for their actions in relation to this law enforcement contact?

   e) Whether or not there is any viable legal theory against the City of Antioch?

   f) Whether or not Plaintiffs can prove negligence against the City of Antioch?

   g) Whether or not the Plaintiffs can demonstrate evidence to support their claim for damages and/or punitive damages?

4. **Motions:**

   The Defendant is evaluating the filing of a Rule 12(c) motion to cure some legal defects of the First Amended Complaint if these cannot be cured via stipulation. Defendant is also evaluating the filing of a dispositive motion for summary judgment and/or partial summary judgment at the appropriate time. Defendant may also make a motion to bifurcate the trial of this matter into separate portions if necessary, though that issue is premature. Numerous motions in limine are contemplated. No other motions are currently contemplated.

5. **Amendment of Pleadings:**

   No amendments are contemplated by the parties.

6. **Evidence Preservation:**

   Counsel for the parties represent that they have taken steps necessary to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures:**

   The parties have agreed to make initial disclosures per Rule 26(a)(1) prior to the Case

Management Conference.

8. **Discovery:**

Some discovery has been conducted to date while this matter was pending in state court, prior to the removal of this action by Defendant. Written discovery has been exchanged between the parties and documents have been produced. In addition, Det. McManus and Sgt. Morefield of the APD have been deposed by Plaintiffs.

Plaintiffs anticipate performing the following additional discovery in this matter: Further written discovery to Defendant, depositions of various Antioch police officers, deposition of the coroner, depositions of percipient witnesses, expert depositions.

Defendant anticipates performing the following additional discovery in this matter: Further written discovery to Plaintiffs, confirmation of paternity of the minor Plaintiff, the depositions of Plaintiff Andrea Gonzales and perhaps the guardian ad litem, the depositions of any other percipient or material witnesses regarding the subject incident and/or any damages related issues, the depositions of any relevant treating physicians, the deposition of the coroner, if need be, and the subpoena of relevant records pertaining to issues in this case.

9. **Class Actions:** Not applicable.

10. **Related cases:** None known.

11. **Relief:**

Plaintiffs seek compensatory damages for decedent's medical expenses and for loss of economic support, companionship, love, comfort, affection, and support. Plaintiffs also seek attorney's fees and punitive damages.

Defendant seeks judgment in their favor and costs and fees awarded as provided by law.

12. **Settlement and ADR:**

Counsel for the parties have stipulated to have this matter undergo an Early Neutral Evaluation ("ENE") and the Court has approved and ordered that form of ADR in this matter. The deadline to complete the ENE is currently April 6, 2015. No ENE Evaluator has yet been assigned in this case.

**13. Consent to Magistrate Judge for All Purposes:**

Counsel for the parties have consented to have a Magistrate Judge conduct all proceedings in this matter.

**14. Other reference:** None anticipated.

**15. Narrowing of Issues:**

The parties will be seeking to further narrow the issues in this matter via the discovery process and any stipulations that can be attained during the discovery process, as well as via the filing of any dispositive motions, up to the time of trial.

**16. Expedited Schedule:**

This does not appear to be the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling:**

The parties propose the following schedule in this matter:

| Event | Defendants' Proposed Deadlines | Plaintiffs Proposed Deadlines |
|---|---|---|
| Completion of non-expert discovery | July 31, 2015 | May 7, 2015 |
| Expert Disclosure Deadline | August 28, 2015 | June 5, 2015 |
| Rebuttal Expert Disclosure Deadline | September 11, 2015 | June 22, 2015 |
| Completion of Expert Discovery | October 30, 2015 | August 4, 2015 |
| Last Day to Hear Dispositive motions | December 17, 2015 | September 11, 2015 |
| Pretrial Conference (subject to Court's availability) | February 9, 2016 | October 23, 2015 |
| Trial Date (subject to Court's | February 22, 2016 | November 16, 2015 |

| availability) | . | |
|---|---|---|

### 18. Trial:

The parties have requested a jury trial in this matter. The anticipated length of the trial is 7-9 court days, but this will also depend upon whether separate issues are tried per bifurcation.

**19. Disclosure of Non-Party Interested Entities or Persons:** None known.

**20. Other matters:** unknown at this time.

Dated: January 13, 2015        THE CARTWRIGHT LAW FIRM, INC.

By: _____
Robert E. Cartwright, Jr.
David G. Yen
Attorneys for Plaintiffs
ANDREA GONZALES, THE ESTATE OF DENNY GONZALES, MICHELLE MAYERS, as Guardian Ad Litem for SAKARIE DENNI-NISHELE GONZALES

Dated: January 13, 2015        McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Laura A. Cox
Attorneys for Defendant
CITY OF ANTIOCH