UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GONZALES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE CITY OF ANTIOCH,<br><br>    Defendant. | Case No. 14-cv-04728-KAW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 52 |

Plaintiffs to the above-captioned case move for reconsideration of the October 20, 2015 judgment entered in favor of Defendant City of Antioch. Defendant opposes the motion, which is now fully briefed and suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court DENIES the motion for the reasons set forth below.

## I.   BACKGROUND[1]

On October 20, 2015, this Court granted Defendant's motion for summary judgment. (Order, Dkt. No. 49.) The same day, judgment was entered in favor of the Defendant and against Plaintiffs. (Judgment, Dkt. No. 50.)

On November 9, 2015, Plaintiffs filed a motion for reconsideration along with a supporting declaration. (Pls.' Mot., Dkt. No. 52; Yen Decl., Dkt. No. 53.) They ask that the Court deny the Defendant's motion for summary judgment, or in the alternative, remand the action to state court given that Plaintiffs' federal causes of action are no longer viable.[2] (Pls.' Mot. at 6.) On

---

[1] The factual and procedural background of this case was set forth at length in the Court's order granting summary judgment, and will not, therefore, be repeated here.

[2] The Court, however, continues to have supplemental jurisdiction over the state law claims even

1  November 23, 2015, Defendant filed its opposition to the motion.  (Def.'s Opp'n, Dkt. No. 58.)

2  Plaintiffs filed their reply on November 30, 2015.  (Pls.' Reply, Dkt. No. 59.)

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure "do not recognize a motion for reconsideration." *Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.)*, 311 B.R. 530, 539 (9th Cir. BAP 2004).  Instead, the rules recognize two types of motions by which to obtain post-judgment relief:  a motion to alter or amend judgment made pursuant to Federal Rule of Civil Procedure 59(e) and a motion for relief from judgment brought under Federal Rule of Civil Procedure 60(b).

The moving party's designation of any such motion is not controlling.  *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983).  Where, as here, a motion seeking post-judgment relief is filed within 28 days after the district court's entry of judgment, it is treated as a motion to alter or amend judgment under Rule 59(e).[3]  Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *see Lee-Thomas v. Prince George's Cty. Public Schools*, 666 F.3d 244, 247 n.4 (4th Cir. 2012) ("We are satisfied that the Board's motion for reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, in that it was filed within twenty-eight days of the judgment.") (citation omitted).

"There are four grounds upon which a Rule 59(e) motion may be granted:  1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law.  *Turner v. Burlington N. Santa Fe. R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations and

---

after federal claims are dismissed.  28 U.S.C. § 1367.  Although the Court has discretion to dismiss remaining state law claims, it declined to do so before issuing its order on the motion for summary judgment.  *See id.*  Plaintiffs do not cite to any authority in support of its request that the Court rescind its order, one unfavorable to Plaintiffs, for the sole purpose of remanding the case to state court.  Indeed, 28 U.S.C. § 1367 merely allows a party to re-file any dismissed claims in state court within 30 days in the event the Court declines to exercise discretion over state law claims.

[3] For this reason, while Plaintiffs assert that they have brought this motion under Rules 59(e) and 60(b), the Court has only applied Rule 59(e).

internal quotations omitted).  A motion to alter or amend a judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations omitted).

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted).  A district court has considerable discretion when deciding a Rule 59(e) motion. *Turner*, 338 F.3d at 1063.

### III.   DISCUSSION

Plaintiffs bring the instant motion on the grounds that the Court committed clear error in reaching its decision, which they claim is also manifestly unjust. (Pls.' Mot. at 3, 6.)  They argue that the case should be submitted to a jury because (1) Ernest Quinonez, the only independent witness to the incident, stated that he never saw Mr. Gonzales raise the weapon, (2) "[i]t is the province of a jury to decide if Mr. Gonzales' raising his arm for a fraction of a second while he has already retreating from the police constituted a threat to the officers so as to justify the use of deadly force," and (3) there is admissible video evidence of the incident that a jury should be allowed to view and assess. (*Id.* at 2-6.)  Plaintiffs assert that a reasonable jury can view the video, listen to Mr. Quinonez's statement, and conclude that Mr. Gonzales never pointed or raised his weapon, posing no imminent threat to officers.[4] (*Id.* at 5.)

According to Plaintiffs, "[d]uring oral argument, Plaintiff's [*sic*] counsel may not have properly highlighted these issues to the Court and why they create a triable issue of fact," and "may not have adequately argued" the difference between raising an arm and pointing a weapon. (*Id.* at 2, 4.)

---

[4] Plaintiffs, however, concede that in his declaration, "Mr. Kelkar says that Mr. Gonzales' arm comes up slightly, which is the same conclusion Defendant's expert Schott, reaches regarding the slow motion video." Pls.' Mot. at 5. Plaintiffs go on to state "[n]onetheless, Plaintiffs do not rely here on the expert declarations in showing there is a triable issue of fact and since Defendant objected to the expert declarations in their reply anyway, Plaintiffs contend that it would be reasonable that the Court not consider them as a basis for its ruling." *Id.* The Court declines to revise the record in that manner.

3

1   To the extent Plaintiffs' counsel may not have properly highlighted, or may not have adequately argued, certain issues during oral argument, it did so at its own peril.  A motion to alter or amend judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485.  Plaintiffs had ample opportunity to address these issues in its opposition brief and during the extensive oral argument before the Court, and they did.  The Court considered the arguments Plaintiffs advanced, and the Court rejected them.  Plaintiffs' desire to re-argue those issues in order to emphasize or highlight certain points is not a proper basis upon which to grant a motion to alter or amend the judgment.  *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) ("A motion for reconsideration of summary judgment is appropriately brought under Rule 59(e). . . .  The motion was properly denied because, as [the Judge] noted, it presented no arguments that had not already been raised in opposition to summary judgment.").

### IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: 12/09/15

_____
KANDIS A. WESTMORE
United States Magistrate Judge