UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANDREA GONZALES, et al., | |
|---|---|
| Plaintiffs, | Case No. 14-cv-04728-KAW |
| v. | **ORDER GRANTING MOTION FOR APPEAL BOND** |
| THE CITY OF ANTIOCH, | Re: Dkt. No. 64 |
| Defendant. | |

Defendant moves for an order requiring Plaintiffs to post an appeal bond. The motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). The Court VACATES the hearing currently set for February 18, 2016 and GRANTS the motion for the reasons set forth below.

## I. BACKGROUND

A detailed description of the background of this case can be found in the order granting Defendant's motion for summary judgment. (Oct. 20, 2015, Order, Dkt. No. 49.) Following the issuance of that order, the entry of judgment, and the filing of Defendant's bill of costs, Plaintiffs moved for reconsideration. (*Id.*; Judgment, Dkt. No. 50; Def.'s Bill of Costs, Dkt. No. 51; Pls.' Mot. for Reconsideration, Dkt. No. 52.) Plaintiffs filed their notice of appeal on November 19, 2015, before the Court ruled on the motion for reconsideration, which was denied on December 9, 2015. (Notice of Appeal, Dkt. No. 56; Dec. 9, 2015 Order, Dkt. No. 60.) Over Plaintiffs' objections, the Clerk taxed costs against Plaintiffs in the amount of $8,155.07. (Pls.' Objections to Bill of Costs, Dkt. No. 54; Taxed Costs, Dkt. No. 63.)

On January 14, 2016, Defendant moved for an order requiring Plaintiffs to post an appeal bond in the minimum amount of $10,000. (Def.'s Mot., Dkt. No. 64.) Plaintiffs filed their

opposition to the motion on January 28, 2016.  (Pls.' Opp'n, Dkt. No. 65.)  Defendant filed its reply on February 4, 2016.  (Def.'s Reply, Dkt. No. 66.)

## II. LEGAL STANDARD

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.  "The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: (1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal."  Fed. R. App. P. 39(e).

In determining whether to impose an appeal bond, courts consider the following factors: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the costs if he loses the appeal; and (3) an assessment of the likelihood that the appellant will lose on appeal and thus be liable for costs." *Padgett v. Loventhal*, No. 5:04-CV-03946-EJD, 2015 WL 4240804, at *3 (N.D. Cal. July 13, 2015) (citing *Figure Eight Holdings, LLC v. Dr. Jays, Inc.*, 534 Fed. App'x 670 (9th Cir. 2013)).  "[T]he question of the need for a bond, as well as its amount, are left in the discretion of the trial court."  *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (citing 1979 Advisory Committee Note to Fed. R. App. 7).[1]

## III. DISCUSSION

**A.   The need for an appeal bond**

  1. <u>Plaintiffs' ability to post a bond</u>

"The first factor generally weighs in favor of a bond unless a party is financially unable to

---

[1] In addition to citing Federal Rule of Appellate Procedure 7, Defendant also cites to Civil Local Rule 65.1-1(a).  That rule provides:  "[u]pon demand of any party, where authorized by law and for good cause shown, the Court may require any party to furnish security for costs which can be awarded against such party in an amount and on such terms as the Court deems appropriate."  Civil L.R. 65.1-1(a).  None of Defendant's briefing, however, addresses how Defendant has satisfied the rule here.  Accordingly, the Court has only relied on Federal Rule of Appellate Procedure 7 in reaching its decision.

post a bond." *Padgett*, 2015 WL 4240804, at *3 (citing *Fleury*, 2008 WL 4680033, at *7)).

Plaintiff Andrea Gonzales has provided a declaration in which she states that she supports four children, ages 18, 10, 9, and 3. (Gonzales Decl., Dkt. No. 65-1.) She provides financial support for all of them and does not receive any child support for the children who are 9 and 10. (*Id.* ¶ 1.) Her current monthly income is $3,500, and her rent is $1,385. (*Id.* ¶ 2.) She pays for daycare for one of her children and covers utilities, medical, dental, and vision expenses for herself and all of her children. (*Id.*) She states that she has been working overtime every week in order to make ends meet. (*Id.*) She does not have any stocks, bonds, investments, or a balance in her savings account. (*Id.* ¶ 3.) She also has $2,000 in credit debt and $4,000 in student loan debt. (*Id.* ¶ 5.)

Ms. Gonzales states that based on her current financial situation, she is not able to pay the $8,155.07 in costs.[2] While Ms. Gonzales' ability to pay the costs already taxed against her is not at issue here, the Court finds that Ms. Gonzales' declaration establishes her inability to post a bond for the purposes of the instant motion. This factor, then, weighs against requiring a bond.

### 2. Risk that Plaintiffs will not pay costs if they lose the appeal

"Courts in this district have recognized the difficulty and risk associated with collecting costs from out-of-state appellants." *Padgett*, 2015 WL 4240804, at *3 (citing *Schulken v. Wash. Mut. Bank*, No. 09-cv-02708-LHK, 2013 WL 1345716, at *5 (N.D. Cal. Apr. 2, 2013)); *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 205030, at *1 (N.D. Cal. June 5, 2012). "This issue may be weighed more heavily when an appellant lives outside the jurisdiction of the Ninth Circuit." *Padgett*, 2015 WL 4240804, at *3.

Ms. Gonzales signed her declaration on January 28, 2016 in Atlanta, Georgia. (*See* Gonzales Decl.) This is consistent with Defendant's representation that Ms. Gonzales now resides outside the jurisdiction of the Ninth Circuit. (*See* Def.'s Mot. at 4.) Because Ms. Gonzales currently resides in Georgia, which is outside the jurisdiction of the Ninth Circuit, the risk of non-

---

[2] To the extent Plaintiffs seek relief from the taxed costs, the Court notes that Plaintiffs did not file a motion for review of taxation of costs pursuant to Federal Rule of Civil Procdure 54(d)(1), and so, that issue is not currently before the Court. Similarly, to the extent Plaintiffs now seek to stay the execution of the judgment, that issue is also not properly before the Court, as Plaintiffs have summarily requested such relief in their opposition to the instant motion rather than in a properly-noticed motion.

payment of costs is heightened. This factor, therefore, weighs in favor of requiring a bond.

3. Likelihood that Plaintiffs will lose on appeal

Plaintiffs argue that video evidence, as well as eyewitness testimony, support their view that Mr. Gonzales never pointed his weapon at officers and thus did not pose a deadly threat. (Pls.' Opp'n at 2.) The Court rejected this argument when it granted Defendant's motion for summary judgment and when it denied Plaintiffs' motion for reconsideration. (Dkt. Nos. 49, 60.) This argument is likely to be rejected on appeal, and for this reason, this factor also weighs in favor of requiring a bond.

**B.     The appropriate amount of the appeal bond**

Two of the three factors the Court is to apply here weigh in favor of requiring a bond. Therefore, Plaintiffs shall post a bond. The Court must now determine the appropriate amount of that bond.

Defendant estimates incurring $10,000 in taxable costs on appeal. (Def.'s Mot. at 6.) This estimate is based on the "potential need for filing various motions with the Appellate Court including: a motion to dismiss the appeal, various other motions and moving for monetary sanctions it [*sic*] this appeal is found to be frivolous." (*Id.*) This justification does not support the imposition of a $10,000 appeal bond. To the extent Defendant's estimate factors in potential motions based on the purported frivolousness of the appeal, the Court finds it inappropriate to allocate the expenses of any such filings to Plaintiffs. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) (stating that "[a]llowing district courts to impose high Rule 7 bonds on [*sic*] where the appeals might be found frivolous risks impermissibly encumber[ing] appellants' right to appeal and effectively preempt[ing] th[e Ninth Circuit's] prerogative to make its own frivolousness determination.") (internal quotation marks omitted). Moreover, given the Court's discretion to not only determine the need for a bond but also the amount of the bond, the Court finds that a bond of $250 is all that is "necessary to ensure payment of costs on appeal" based on the anticipated costs of copying the record and response briefs, and the Ninth Circuit's rule permitting costs of no more than ten cents per printed copy. *See* Fed. R. App. P. 7; 9th Cir. R

39-1.3.[3]

### III.   CONCLUSION

For the reasons set forth above, Defendant's motion is GRANTED.  Plaintiff shall post an appeal bond in the amount of $250.

IT IS SO ORDERED.

Dated: 02/17/16

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[3] The Ninth Circuit provides that principal briefs may be no longer than 30 pages.  *See* Fed. R. App. P. 32(a)(7)(A).  It further requires that the parties submit an original and 7 copies of such briefs to the Circuit.  *See* 9th Cir. R. 31-1.

5